IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>LUIS ORTIZ-BUSTAMONTE,<br><br>      Defendant. | 8:16-CR-235<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected (filing 31) to the presentence report.

  IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 31) to the presentence report, disputing the presentence report's conclusion that pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii),[1] the defendant's offense level should be increased by 16 levels because he was previously deported after being convicted of a crime of violence. The defendant contends that his Oregon conviction for third degree assault with a firearm "involved 'reckless' as opposed to 'intentional' conduct, therefore it is not appropriate to categorize this prior as a crime of violence."

The distinction between intentional and reckless conduct might be pertinent if the basis for finding the defendant's conviction to be a "crime of violence" was that it was "aggravated assault" within the meaning of the term's definition. *See United States v. Ossana*, 638 F.3d 895, 899 (8th Cir. 2011). But the question here is whether the defendant was convicted of an offense that has "as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2 cmt. n.1(B)(iii). Under Oregon law, as relevant, a person commits assault in the third degree if he "[r]ecklessly causes serious physical injury to another by means of a deadly or dangerous weapon." Or. Rev. Stat. Ann. § 163.165(1)(a). The requirement that the defendant inflict physical injury necessarily requires proof that the defendant used physical force. *United States v. Malloy*, 614 F.3d 852, 860 (8th Cir. 2010); *see United States v. Garcia-Longoria*, 819 F.3d 1063, 1065–66 (8th Cir. 2016); *see also*, *Sanchez v. Holder*, 464 F. App'x 624, 625–26 (9th Cir. 2011) (citing *State v. Murray*, 162 P.3d 255, 257 (Or. 2007)); *United States v. Quijivix-Xicara*, 253 F. App'x 293, 293–94 (4th Cir. 2007) (citing *State v. Capwell*, 627 P.2d 905, 907 n.3 (Or. Ct. App. 1981)); *United States v. Espinoza-Garcia*, 86 F. App'x 350, 351–52 (9th Cir. 2004).

---

[1] The Court notes that the 2015 Guidelines Manual is applicable here because the defendant's criminal history, if assessed under the amended version of § 2L1.2 contained in the 2016 Guidelines Manual, would result in an *ex post facto* violation. *See Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013).

The Court's tentative finding, therefore, is that the defendant's Oregon conviction is for a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii), and that the defendant's objection to the contrary lacks merit. The Court will, however, consider at the sentencing hearing what effect to give to the parties' plea agreement (filing 26), which contemplated only an 8-level increase in the offense conduct pursuant to § 2L1.2(b)(1)(C).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 21st day of December, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge